COOPER COLES, RESPONDENT, v. PEOPLES GAS COMPANY AND CHARLES D. PROSSER, APPELLANTS.

Submitted May term, 1932—Decided October 17, 1932.

For the appellants, *Riggins & Davis.*

For the respondent, *Waddington & Mathews.*

The opinion of the court was delivered by

LLOYD, J. The plaintiff below owned certain lands and trees growing thereon, and in January, 1929, made an agree-

ment to sell the land to the State of New Jersey. The agreement was consummated in August following. In the intervening time it was claimed in the complaint that these and and other trees located on other lands of the plaintiff had been destroyed by gasses negligently emitted from the gas company's pipes. There was a verdict for the plaintiff and the gas company appeals, contending that there was error in refusing to direct a verdict for the defendant as to the trees on the lands subsequently conveyed to the state, in instructions to the jury, and in the admission of evidence.

It may be remarked that the motion for direction of a verdict in favor of the defendant as to the trees in the highway was properly denied inasmuch as the jury must still deal with the trees located on the plaintiff's retained land. The proper procedure would have been to submit to the court a request for instruction to the jury that it should not allow any claim for damages arising from injury to the trees not in the retained lands.

Passing this defect, however, we think the learned trial judge properly submitted the entire case to the jury. The owner of lands abutting on a public highway has an interest in the highway peculiar to himself. In case of abandonment of the highway, except possibly where the state has legally acquired the entire fee and has made sale pursuant to chapter 96 of the laws of 1926 (see *Frelinghuysen* v. *State Highway Commission,* 107 *N. J. L.* 218; *affirmed,* 108 *Id.* 403), he has a reversionary interest. He has such an interest that the light and air available thereby should not be shut off (*Barnett* v. *Johnson,* 15 *N. J. Eq.* 481); in the access to and from his lands; in the view the highway affords. He has a right to plant trees, subject to the superior right of the public. *Avis* v. *Vineland,* 56 *N. J. L.* 474. These cases are in harmony with the greater weight of authority in other jurisdictions. *Donahoe* v. *Keystone Gas Co.,* 181 *N. Y.* 313; *Dill. Mun. Corp.* 74.

While the precise case of injury or destruction of trees has never come before the court, we can discover no difference in principle between light and air derived from the highway,

and the view and shade of trees growing thereon. The authorities imply an interest of the abutting owner in the highway itself incident to the fact that he is such owner. Having such interest and right, one who wrongfully deprives him of its enjoyment must respond in damages therefor.

The other questions raised on the appeal call for no special discussion. The instruction to the jury that the sale to the state might be disregarded by the jury had reference to the plaintiff's right to bring the suit, and not as bearing on the damages sustained. The question directed to the apportionment of the consideration paid by the state for the lands conveyed was entirely proper. It appeared that the consideration was only partially stated in the agreement and contained a provision that the grantor would remove the buildings and the plaintiff was asked whether a part of the consideration was for such removal. The precise objection raised was that the evidence varied the written paper. The objection was obviously untenable. Consideration is always open to proof even as between the parties. Here the defendant was not a party to the agreement and for this reason also the objection was not available.

Finally, even assuming that the question was an improper one, it does not appear that the defendant suffered any injury by the ruling permitting it to be answered. If it had bearing at all it tended to lessen the value of the lands conveyed and the trees growing thereon; hence also the damages for their destruction.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.